

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-5220
Re: Whether the Commissioners'
Court of Jefferson County and
the Mayor and Commissioners
of the city of Beaumont, or
the Commissioners' Court of
Jefferson County, the Mayor
and Commissioners of the city
of Beaumont and the Mayors and
Aldermen of two other incor-
porated cities within Jeffer-
son County, compose the Navi-
gation Board of the Beaumont
Navigation District of Jeffer-
son County, Texas.

Your request for an opinion on the above matter
has been received and carefully considered. We quote from
your request as follows:

"We have been asked to secure an opinion
from your department on the following question:

"Does the Commissioners' Court and the
Mayor and Commissioners of the City of
Beaumont compose the Navigation Board,
which Board makes the appointment of the
Navigation and Canal Commissioners of
the Beaumont Navigation District of Jef-
ferson County, Texas, or is this Naviga-
tion Board composed of the Commissioners
Court of Jefferson County, the Mayor and

Commissioners of the City of Beaumont and the Mayors and Aldermen of two other incorporated cities within the county, that is, Port Neches and Nederland?

"This Navigation District includes all of Jefferson County except that area covered by the Port Arthur Independent School District. This means that incorporated cities within the district are as follows:

"1. Beaumont, which is a home ruled city.

"2. Port Neches and Nederland, which are incorporated under the general laws.

". . . ."

In addition to the facts stated in your request, the following facts appear in the copy of opinion rendered by your department in 1934 which was sent with your request, to wit:

The Beaumont Navigation District of Jefferson County, Texas was created in 1909 under and by virtue of the provisions of Article III, Section 52, of the Constitution of Texas, as amended in 1904, and the Acts of the Thirty-first Legislature at its Regular Session in 1909, Chapter 15, pages 32 to 45, inclusive, providing for the creation and governing of navigation districts. These provisions were carried into the Revised Civil Statutes of Texas of 1911 as Articles 5955 to 6001, inclusive, and appear with substantially similar provisions in the Revised Civil Statutes of Texas of 1925 as Articles 8195 to 8226, inclusive. The City of Beaumont, at the time of the creation of said navigation district, was operating under a charter issued to it by the Legislature under and by virtue of Article XI, Section 5, of the Constitution of Texas of 1876. Said city adopted a new charter on December 30, 1919, under and by virtue of what is known as the Home Rule Amendment of our Constitution, which was an amendment of said Article XI, Section 5, adopted at an election held on November 5, 1912, and proclaimed on December 30, 1912. Paragraph 1 of Section 5 of the New Home Rule Charter adopted by said city of Beaumont in 1919 provided in part as follows:

". . . and shall be subject to all the duties and obligations now pertaining to or incumbent

Honorable Shelby K. Long, Page 3

upon said city, as a corporation, not in conflict
with the provisions of this charter, and shall
enjoy all the rights, immunities, powers, privi-
leges and franchises now possessed and enjoyed
by said city and herein granted and conferred."

Section 71 of said Home Rule Charter was as fol-
lows:

"Section 71. The enumeration of particular
power by this Charter shall not be and shall not
be held or deemed to be exclusive, but in addition
to the powers enumerated herein, implied thereby,
or appropriate to the exercise thereof, the city
shall have and may exercise all other powers which
are now or which may hereafter be conferred on
municipalities by the Constitution and laws of
Texas; and it is hereby expressly provided that it
shall have all the powers that are granted to
cities of more than 5,000 inhabitants by Chapter
147, of the General laws of the State of Texas;
passed by the 33rd Legislature at its regular ses-
sion."

Under these facts and the law applicable thereto,
it is the opinion of this department that the conclusion
reached by your department in 1934, as shown by the copy
of your opinion attached to this request, is correct, and
that the Navigation Board of the Beaumont Navigation Dis-
trict of Jefferson County, Texas, is composed of the County
Judge and members of the Commissioners' Court of Jefferson
County, and the Mayor and Aldermen or Commissioners of the
City of Beaumont, and in support of this holding we direct
your attention to the following:

Section 1 of said Act of the 31st Legislature at
its Regular Session in 1909, Chapter 15, pages 32 to 45, in-
clusive, under which said Navigation District was created,
is in part as follows, quoting from page 32 thereof:

"SECTION 1. One or more districts may here-
after be established in the several counties of
this State to be known as navigation districts,
in the manner hereinafter provided, and such dis-
tricts may, or may not, include within their

Honorable Shelby K. Long, Page 4

boundaries and limits villages, towns and munici-
pal corporations, or any parts thereof. . . ."

Section 2 of said Act is in part as follows, quot-
ing from page 3) thereof:

"SEC. 2. . . .

"In the event the boundaries of the proposed
district shall include a city or cities, or a part
or parts thereof, acting under special charter
granted by the Legislature, the hearing of said
petition hereinafter provided for, shall be had
before the county judge and members of the commis-
sioners court and the mayor and aldermen or com-
missioners, as the case may be of said city or
cities, and said persons shall constitute a board
to be known and designated as the navigation board,
to pass upon the petition aforesaid. Each indi-
vidual member of the said board shall be entitled
to a vote. A majority in number of the individuals
composing said board shall constitute a quorum,
and the action of a majority of the quorum shall
control.

". . . ."

At the time this navigation district was created,
the City of Beaumont was the only city within its boundaries
that had been incorporated by a special act of the Legisla-
ture, as authorized by Article XI, Section 5, of the Consti-
tution of Texas of 1876, therefore, its Mayor and Aldermen
or Commissioners were the only such officials as came within
the provisions of that part of Section 2 of said law above
set out. No facts are shown that would authorize the appoint-
ment to said Board of any of the Mayors, Aldermen or Commis-
sioners of Port Neches and Nederland, for the reason that
said cities were incorporated under the general laws as au-
thorized by Article XI, Section 4, of the Constitution of
1876, both of said cities evidently having a population of
10,000 inhabitants or less. It is true that Sections 4 and
5 of said Article XI have been amended since the creation of
said navigation district and made to apply to a less number
of people, both of said sections having been amended at an
election held on August 3, 1909, and proclaimed on September 4,

Honorable Shelby K. Long, Page 5

1909, but such amendments did not change the law governing the personnel of said navigation board. Article XI, Section 5, was again amended by an election held on November 5, 1912, and proclaimed on December 30, 1912, which was known as the Home Rule Amendment, and the city of Beaumont adopted this amendment in 1919, but such change in its charter did not make any change in the membership of said navigation board, for the reason that, in adopting said charter, it reserved all the rights, powers, etc., then possessed and enjoyed by it as set out above in the quotations from Sections 5 and 71 of its said Home Rule Charter, all of which was authorized by Section 6, Chapter 147, Acts of the 33rd Legislature, pages 307--316, of the Regular Session thereof, which was passed in 1913 and is generally referred to as the Enabling Act to put said Home Rule Amendment into effect. Said Section 6 is now Article 1177 of the Revised Civil Statutes of Texas of 1925 and is as follows:

"SEC. 6. All powers heretofore granted any city by general law or special charter are hereby preserved to each of said cities, respectively, and the power so conferred upon such cities, either by special or general law, is hereby granted to such cities when embraced in and made a part of the charter adopted by such city; and provided, that, until the charter of such city as the same now exists is amended and adopted, it shall be and remain in full force and effect."

Even if the adoption by said city of Beaumont of such new charter could have affected in any way the membership of said navigation board, which we do not think could have been done without some change in the law under which said navigation district was originally created, still, it reserved to itself in said charter all of the powers that had been theretofore conferred upon it by law. We think it is clear, therefore, that the navigation board of said Beaumont Navigation District of Jefferson County, Texas, is composed of the Commissioners' Court of Jefferson County and the Mayor and Commissioners of the City of Beaumont, as has been held by your department and as the law creating said district has been heretofore construed by the navigation board in charge thereof.

Trusting that this satisfactorily answers your in-
quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:mp

APPROVED MAY 6, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS